This Case is fully stated in the opinion of the Court, which was delivered by
SMITH, J.
This is an adjourned Case from the Superior Court of Taw for Kanawha county.
A Rule was made in the said Superior Court, against the Justices aforesaid, commanding them to appear in that Court, and shew cause, if any they could, why a peremptory Mandamus should not issue, requiring the .said Justices at their County Court, to contract for the re-building or repairing of the bridge across the ravine, near and above the House of Nelson Priddy, on the north-east side of the Great Kanawha, where the public road leading through said county, crosses the same.
At the next Term, the Justices appeared by Attorney, and objected to the jurisdiction of the Superior Court, contending, that the sole discretion and control over the subject matter, is vested in the Justices of the County Court. *Whereupon, the said Superior Court adjourned to this Court, the following questions:
1. When bridges or causeways are necessary within the limits of a particular county, and the surveyor of the road with his assistants, cannot make or maintain the same, hath this Court power to compel the Justices by Writ of Mandamus, to contract for the building or repairing of such bridge or causeway.
2. If this Court hath jurisdiction over the subject matter by Writ of Mandamus, doth it appertain to the Court to decide on the necessity of erecting such bridge or causeway, and whether the surveyor with his assistants, are adequate to the making or repairing- thereof, or are those facts to be ascertained by a jury of the country on a proper state of pleadings made up for that purpose.
In the Case of The Commonwealth v. The Justices of Fairfax county, at November Term, 1815, (ante, p. 9,) it was expressly affirmed and decided by the unanimous opinion of the Judges present, “that a Mandamus doth lie from a Superior Court of Taw to a County Court, to compel such County Court to build a bridge or causeway according to the 7th section (a) of the Act, concerning public roads.” The reasons upon which that opinion was founded, are given at large in the report of the Case, and need not be repeated. That decision is decisive of the first question propounded to this Court in the present Case.
The second question not arising upon the record and proceedings, which have been had, it is proper and according to the common practice of the Court, to decline deciding upon that point.
The following to be entered as the judgment of the Court:
The Court is of opinion, and doth decide by the unanimous opinion of the Judges present, that when bridges or causeways, are necessary within the limits of a county, and the surveyor of the road with his assistants, cannot make or maintain the same, the Superior Court of Taw for such county, hath the power to compel the Justices by Writ of Mandamus, to build or repair such bridge or causeway.
Which is ordered to be certified to the said Superior Court.

 3 Kev. Code of 1819, ch. 249, § 9.